IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD W. HOLT III, | : |
| | : |
| Movant, | : |
| | :  Criminal No. 5:17-cr-00010-MTT-CHW-1 |
| v. | : |
| | :  Civil No. 5:20-cv-00246-MTT-CHW |
| UNITED STATES OF AMERICA, | : |
| | : |
| Respondent. | : |

## ORDER

Edward W. Holt III has filed a motion to return property. (Doc. 92). Holt requests the return of a black mesh bookbag allegedly containing his wallet, driver's license, social security card, some personal pictures, and a copy of a book titled "The 48 Laws of Power." According to Holt, these items were taken from the vehicle of Courtney Carter around August 13, 2015.

Rule 41(g) of the Federal Rules of Criminal Procedure authorizes the Court to order the return of property, but the "government is not obligated to return property that it never possessed." *United States v. Davis*, 789 F. App'x 105, 108 (11th Cir. 2019).

The Government maintains that it does not have possession of the items Movant requests[1]. In its response to this Motion, the Government has submitted a Report of Investigation form prepared to document the interview of co-defendant Courtney Carter on August 12, 2015, which shows that a "black mesh backpack" and "Holt's wallet" were found in Carter's vehicle during a consensual search. (Doc. 94-1, p. 2, ¶ 7). However, no evidence presently available—such as an affidavit from Carter—suggests that authorities actually seized these items. Furthermore, the

---

[1] The Government's Response indicates that the Government has returned the clothing items that were requested in Movant's Motion. (Doc. 94, p. 9).

Government has submitted Byron Police Department property receipts cataloging a range of items that were seized from Movant's person upon his arrest or that were located by authorities during the course of pursuit. *See* (Docs. 94-2, pp. 1-2). These receipts do not list the items that Movant requests and thus imply that the Government does not, in fact, possess Movant's requested property. This evidence suggests that the items in question were not seized and were left in Ms. Carter's vehicle. Movant has not presented evidence to rebut the Government's response.

Accordingly, based upon the limited evidence now available to the Court, Movant's motion to return property (Doc. 92) is **DENIED**.

**SO ORDERED**, this 30th day of September, 2021.

s/ Charles H. Weigle\
Charles H. Weigle\
United States Magistrate Judge